**Clark COUTEAU, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–006–CR (1994 CR).**

Court of Appeals of Texas,
Corpus Christi.

Jan. 27, 1983.

Discretionary Review Refused,
April 20, 1983.

Sam A. Westergren, Jr., Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

A Nueces County jury found Clark Couteau guilty of delivery of cocaine. The trial court assessed punishment at imprisonment for ten years probated.

On March 10, 1978, the grand jury of Nueces County indicted appellant for delivery of cocaine. The indictment did not describe the drug any further. The appellant now complains that this method of charging was fundamental error. We agree.

Tex.Rev.Civ.Stat.Ann. Art. 4476–15 § 4.02, prior to its amendment in 1979, did not include cocaine among its list of controlled substances. But, a chemical description of cocaine did appear in the statute. The Court of Criminal Appeals has held that a charging instrument must include that description in order to properly allege an essential element of the offense. *Crowl v. State*, 611 S.W.2d 59, 60–61 (Tex.Cr.App. 1981). Since there was no such description in this case, we must reverse.

The judgment of the trial court is reversed, and the indictment is ordered dismissed.